UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAJAMANI SENTHILNATHAN, §
        Plaintiff, §
         §
v. § Civil Case No. 3:17-CV-1381-L-BK
         §
AT&T, INC., §
        Defendant. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 9, this cause is before the undersigned for a recommendation on *Defendant's Motion to Dismiss*. Doc. 7. For the reasons that follow, the *Motion to Dismiss* should be **GRANTED**.

**A. Procedural History**

Plaintiff filed his complaint in May 2017, alleging that Defendant, his former employer, violated the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") during the course of his employment. Doc. 3 at 3, 5-6. Specifically, Plaintiff contends that he initially worked for Defendant in a contract position as a video-encoder. Doc. 3 at 5. He was hired as a full-time employee as part of Defendant's networking group, which necessitated a move from Dallas to Austin. Doc. 3 at 5. In his rambling and disjointed complaint, Plaintiff alleges that during and after his employment, (1) Defendant's hiring manager and "his coterie" had him purchase a home that was not in a "prime location" and sent someone to break into the house; (2) his manager, Michael Raftelis, caused "shoulder-instability" in Plaintiff's child in early 2012, and Raftelis and his coterie used electronic means to lead physicians to not correctly diagnose the child's scoliosis; (3) Raftelis watched all of Plaintiff's and his families' activities and spread rumors regarding Plaintiff's skills; (4) Raftelis used another person to "deny access to home-

reference lab, where 3rd party devices were tested"; and (5) Defendant's hiring manager is "unable to verify [Plaintiff's] employment," and Plaintiff thus assumes he "was framed after [he] resigned." Doc. 3 at 5. Plaintiff seeks over $11 million in damages, health care coverage for his family for life, and the redaction of false statements from the Federal Register about Defendant's settlement of an anti-trust suit filed by the Department of Justice in relation to Defendant's acquisition of DirecTV. Doc. 3 at 6. Defendant now moves to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 7.

### B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

Civil RICO claims under 18 U.S.C. § 1962 must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quotation omitted). To avoid dismissal for failure to state a claim, a civil RICO plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The enterprise must be an entity "separate and apart from the pattern of activity in which it engages." *Id.* (citation omitted).

In other words, the "person" and the "enterprise" at issue must be distinct. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162 (2001). Accordingly, the "enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citation omitted). Employees who, in the course of their employment, associate to commit RICO predicate acts do not form a distinct RICO "enterprise." *Id.* A "pattern of racketeering activity" consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Abraham*, 480 F.3d at 355. The predicate acts can be either state or federal crimes. *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (per curiam).

To establish injury, the plaintiff must allege financial harm to his business or property. *See In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 522-23 (5th Cir. 1995). This must be "a conclusive financial loss" of the plaintiff's own money. *Id.* at 523. To sufficiently allege causation in relation to his damages, the plaintiff must show that a RICO predicate offense was the but-for and proximate cause of his claimed injuries. *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010). Finally, apart from the substantive elements of a RICO claim, a plaintiff must bring such a claim within four years of the date he discovers the injury giving rise to his claim. *Rotella v. Wood*, 528 U.S. 549, 553-54 (2000).

### C. Parties' Arguments

Defendant argues, *inter alia*, that Plaintiff's complaint fails to state a claim under Rule 12(b)(6) because, as an initial matter, Plaintiff has not sufficiently alleged either injury or the requisite causation necessary to maintain standing to bring a RICO claim. Doc. 8 at 11-13. Defendant further argues that some of the events Plaintiff alleges in his complaint occurred

outside RICO's four-year statute of limitations, namely his being hired to a full-time position by Defendant in 2010 and the alleged injuries to Plaintiff's child in 2012. Doc. 8 at 13. Finally, Defendant contends that Plaintiff failed to adequately allege a distinct RICO participant and enterprise or a pattern of racketeering activity. Doc. 8 at 13-14.

Plaintiff responds that, since leaving his job with Defendant, (1) he has been unable to obtain employment or gain admission to a Ph.D. program; (2) his college transcript has been tampered with; and (3) only a company such as Defendant could "create so much havoc" in his life. Doc. 11 at 1. He argues that he cannot identify all persons who "colluded" against him because Defendant has not given him his personnel file. Doc. 11 at 2. Additionally, Plaintiff contends that he did not receive a copy of Defendant's motion, which he alleges creates circumstantial evidence of mail delay or theft. Doc. 11 at 2.

**D. Analysis**

Plaintiff's complaint does not plead specific facts to state a civil RICO claim. His complaint stems from allegations against Defendant's employees who he contends committed various acts against him, but such acts do not form a distinct RICO "enterprise." *Whelan*, 319 F.3d at 229. Additionally, Plaintiff does not adequately specify two or more criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Abraham*, 480 F.3d at 355. In short, Plaintiff has pled only conclusory allegations, which cannot establish the existence of an enterprise. *Elliott*, 867 F.2d at 881.

Neither has Plaintiff pled sufficient facts to establish that he suffered any concrete, conclusive injury to his business or property as a result of Defendant's actions. *In re Taxable Mun. Bond Sec. Litig*, 51 F.3d at 523. Indeed, Plaintiff acknowledges in his complaint that he "le[ft] the company on [his] own" when another employee told him that he "should look for a

more engineering-oriented firm where [he could] grow [his] career better." Doc. 3 at 5. Thus, he cannot plead that a RICO predicate offense was the but-for and proximate cause of any of his injuries. *Hemi Grp.*, 559 U.S. at 9. Finally, Defendant's actions which are alleged to have occurred in 2010 and 2012 are barred by RICO's four-year statute of limitations. *Rotella*, 528 U.S. at 553-54.

### E. Leave to Amend

Ordinarily, a plaintiff should be granted leave to amend their complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.") (citation omitted). Plaintiff's complaint, however, consists of a patchwork of unrelated conspiracy theories for which he provides virtually no specific underlying facts. Thus, there is no possibility that relief can be awarded on any of his claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

Additionally, Plaintiff has twice filed suit against Defendant raising the same or similar allegations, and both cases were dismissed – the first at Plaintiff's behest and the second when Plaintiff did not respond to a notice of deficiency that his complaint did not satisfy Rule 8(a) of the Federal Rules of Civil Procedure. *See Senthilnathan v. AT&T*, No. 15-CV-1144-N-BH; *Senthilnathan v. AT&T*, No. 17-CV-1385-N-BH. In effect, Plaintiff has had several opportunities to plead his best case, and the Court therefore concludes that he has done so. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case). As such, allowing Plaintiff to amend his

5

complaint would be futile and cause needless delay and waste of the Court's resources. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

**F. Conclusion**

For the reasons stated above, it is recommended that Defendant's *Motion to Dismiss*, [Doc. 7](Doc. 7), be **GRANTED**.

**SO RECOMMENDED** on January 3, 2017.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, (extending the time to file objections from ten to fourteen days).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE